J. S10042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPHINE EDITH BOHLEN, | : | No. 1358 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 18, 2019,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0003315-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 24, 2020**

Josephine Edith Bohlen appeals from the July 18, 2018 judgment of sentence entered in the Court of Common Pleas of Dauphin County after she was found guilty, in a bench trial, of simple assault and disorderly conduct.[1] Appellant received a sentence of nine months' probation for simple assault and a concurrent sentence of nine months' probation for disorderly conduct. Counsel has filed a petition to withdraw and a brief pursuant to **_Anders_**/**_Santiago_**.[2]  After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 5503(a)(1), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

The record reflects that on April 1, 2018, Officer Anthony Glass was dispatched to a McDonald's restaurant, located inside a Walmart, for a disorderly customer who refused to leave the premises. (Notes of testimony, 7/18/19 at 30.) The customer was later identified as appellant. (*Id.* at 30, 31.) The manager of the McDonald's reported that after appellant placed and paid for her order, she became irate with the cashier, alleging that she was being disrespected. (*Id.* at 6, 7.) As appellant was creating a commotion, her money was refunded, and she was asked to leave by the manager. (*Id.* at 7, 10, 31.) Even after being informed that the police would be called, appellant became confrontational and refused to leave. (*Id.*) After being advised by the responding police officer that she would be arrested for trespassing if she continued to refuse to leave, appellant exited the restaurant. (*Id.* at 32.)

Officer Glass observed appellant walk out and turn the corner. (*Id.* at 32.) Suddenly, appellant came "flying" back at a full sprint with a closed fist and struck the victim[3] in the face. (*Id.* at 21, 32.) Appellant grabbed the victim by her hair, pulling out one of the victim's braids in the process, and delivered multiple strikes to her face. (*Id.* at 21, 22, 32, 35, 36.) Officer Glass separated the two and placed appellant under arrest. (*Id.* at 32.) The entire encounter was caught on video. (*Id.* at 11-14; 19-22.)

---

[3] The victim was a Walmart employee leaving work.

Following her convictions, appellant was sentenced on July 18, 2019. No post-sentence motions were filed. Appellant filed a timely notice of appeal. On August 23, 2019, counsel filed a statement of intent to file an **Anders** brief with the trial court. The trial court did not file a Rule 1925(a) opinion. (Trial court's letter to this court, 8/29/19.)

On December 16, 2019, appellant's counsel filed both an **Anders** brief and a petition to withdraw. Appellant's **Anders** brief raises the following issue:

> Should appellate counsel be permitted to withdraw as counsel because any appellate issues in the instant case are frivolous?

**Anders** brief at 4 (full capitalization omitted).[4]

As a preliminary matter, to withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Santiago**, 978 A.2d at 361. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and

---

[4] The Commonwealth has not filed a brief in this matter. (Commonwealth's letter to this court, 12/16/19.)

- 3 -

(4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

With respect to the briefing requirements, "[n]either *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Santiago*, 978 A.2d at 359, 360.

Counsel must furnish a copy of the *Anders* brief to her client and "advise[] [her] of h[er] right to retain new counsel, proceed *pro se* or raise any additional points that [s]he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (quotation marks and quotation omitted).

Here, counsel's *Anders* brief substantially complies with prevailing law. Counsel has provided a summary of the procedural history and facts of the

case.[5] (**Anders** brief at 5.) Although counsel's **Anders** brief phrases the issue in terms of whether she should be permitted to withdraw because any appellate issues are frivolous, counsel raises a sufficiency of the evidence claim but concludes that "[a]ppellant's appeal is frivolous and without merit." (**Id.** at 4, 9-11, 12.)

Finally, counsel's correspondence to appellant, together with her petition to withdraw, indicates that counsel provided appellant with a copy of the **Anders** brief and that she thoroughly reviewed the record, concluding that an appeal would be frivolous. (Counsel's correspondence to appellant, 12/16/19; counsel's petition to withdraw as counsel at ¶¶ 3-5.) In her correspondence, counsel advises appellant of her right to either retain new counsel or "to file a response brief **pro se** (on your own) in order to reply to [counsel's] assertion of frivolousness." (Counsel's correspondence to appellant, 12/16/19 (emphasis added).) Counsel further advised appellant that she may raise any additional points she deems worthy of this court's attention. (**Id.**) As such, counsel has substantially complied with the procedural requirements of **Anders**. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

---

[5] Counsel cites to the record with respect to the procedural history, but not the factual history. (**Anders** brief at 5-7.)

In the **Anders** brief, counsel challenges the sufficiency of the evidence. With respect to a sufficiency of the evidence challenge, our standard of review is as follows:

> We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

**Commonwealth v. Alford**, 880 A.2d 666, 669-670 (Pa.Super. 2005), **appeal denied**, 890 A.2d 1055 (Pa. 2005), quoting **Commonwealth v. Gruff**, 822 A.2d 773, 775 (Pa.Super. 2003), **appeal denied**, 863 A.2d 1143 (Pa. 2004) (citations omitted).

Appellant was convicted of simple assault and disorderly conduct. A person is guilty of simple assault if he attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1). As to disorderly conduct:

> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]

18 Pa.C.S.A. § 5503(a)(1).

In counsel's **Anders** brief, counsel states that she reviewed the testimony of the victim and the police officer and acknowledges that the incident was captured by video surveillance. (**Id.** at 9-11.) Counsel then

concludes that the evidence was sufficient to sustain appellant's convictions. (***Id.*** at 11.)

Here, a careful review of the transcript supports the trial court's verdict and counsel's assessment. The record reflects that the incident began with appellant's causing a commotion in the McDonald's and refusing to leave. After speaking with the police, appellant exited the McDonald's but then proceeded to run back and assault the victim. The assault was viewed by the officer and captured on video. Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude the record supports the convictions. Accordingly, we find that appellant's sufficiency claim is frivolous.

We note that within the ***Anders*** brief, counsel states that a challenge to the weight of the evidence would be frivolous because appellant did not preserve a weight claim with the trial court as required by Pennsylvania Rule of Criminal Procedure 607(A). Nonetheless, ***Anders*** requires this court to examine issues otherwise waived and determine them on the merits. ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (citation omitted).

Our standard of review of a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the **underlying** question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination

> that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted; emphasis omitted).

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Morgan*, 913 A.2d 906, 909 (Pa.Super. 2006), *appeal denied*, 927 A.2d 623 (Pa. 2007); *Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012).

Here, the court, sitting as fact-finder, was free to believe or disbelieve the witnesses. *See Morgan*, 913 A.2d at 909. Moreover, we cannot substitute our judgment for that of the fact-finder. *See Devine*, 26 A.3d at 1146. Based on our review of the record, appellant's convictions did not shock one's sense of justice and were not against the weight of the evidence. Accordingly, appellant's weight of the evidence claim would be frivolous.

Finally, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm appellant's July 18, 2019 judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2020